**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:15CR00025-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MICHAEL WAYNE BOWMAN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Krista Consiglio Frith, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Michael Wayne Bowman, a federal inmate previously sentenced by this court, has filed a motion seeking compassionate release from his sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018). The defendant's motion has been fully briefed and is ripe for decision.

I.

Bowman is currently housed at FCI Petersburg in Hopewell, Virginia. He is 64 years old and has had diabetes for more than 30 years.[1] He also suffers from

---

[1] The medical records submitted refer to Bowman's disease in some places as Type 1 diabetes and in other places as Type 2 diabetes.

hypertension and high cholesterol. His current projected release date is June 5, 2028.

On March 17, 2020, Bowman submitted a request to the Warden of FCI Petersburg seeking compassionate release based on his diabetes, which the Warden denied on March 31, 2020. The government appears to concede that Bowman exhausted his administrative remedies as to his diabetes, but it argues that he has not exhausted his remedies as to Covid-19, the disease caused by the novel coronavirus, because the request he submitted to the Warden in March did not expressly reference Covid-19. I find that the Warden would have been aware of the risks posed by Covid-19 at the time he denied the request on March 31, 2020.

I have held in other cases that when a warden denies a request within 30 days, an inmate must proceed through the full administrative remedy scheme before filing a motion in this court. *See United States v. Soliz*, No. 1:16CR00028-001, 2020 WL 2487563, at *2 (W.D. Va. May 14, 2020). However, because the government did not raise failure to exhaust as to Bowman's claim related to his diabetes, I find that the exhaustion issue has been waived.[2]

---

[2] In considering § 3582(c)(2), regarding retroactive amendments to the sentencing guidelines, which is another exception to the statutory direction that the court cannot modify a sentence once imposed, the Fourth Circuit held that the lack of a prerequisite to a motion for reduction in sentence did not raise a jurisdictional issue. *United States v. May*, 855 F.3d 271, 275–76 (4th Cir. 2017) (noting that "The Supreme Court requires Congress to 'clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional' before a court can treat the limitation as such.") (citing and

Bowman pled guilty to one count of Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). In the Plea Agreement, the parties stipulated that the offense involved 4.5 kilograms or more of "ice" methamphetamine. Bowman typically possessed a firearm while conducting methamphetamine transactions. A search of his residence after his arrest revealed numerous firearms and ammunition. According to the presentence investigation report, Bowman had traded methamphetamine for guns and sex. Bowman was a leader of the conspiracy. He had no criminal record prior to his involvement in the conspiracy for which he pled guilty.

Bowman's sentencing guidelines range was 324 months to 405 months imprisonment, but the statutory maximum for his offense was 240 months imprisonment. On March 10, 2016, this court sentenced Bowman to 240 months imprisonment. On June 14, 2017, on the government's motion, the court reduced his sentence to 180 months imprisonment. He has only served about a third of this fifteen-year sentence.

---

quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)). Based on this precedent, I do not find that failure to exhaust administrative remedies is a jurisdictional bar under § 3582(c)(1)(A).

Bowman asserts that prior to his arrest, his blood glucose levels were controlled with an insulin pump, but he has not been allowed to use an insulin pump while incarcerated. His medical records reveal that his diabetes has been poorly controlled during his incarceration. He has been hospitalized twice related to his diabetes. His blood glucose levels have swung from dangerously low to dangerously high, and his hemoglobin A1C levels are frequently above the normal range, sometimes significantly so. He has submitted an expert report indicating that persons with diabetes have a higher risk of contracting Covid-19 and tend to have worse prognoses when they do contract it. Bowman's diabetes, combined with his advanced age and other health conditions, elevates his risk of serious illness or death from Covid-19.

The Bureau of Prisons ("BOP") currently reports no cases of Covid-19 at FCI Petersburg. The BOP has been taking measures to prevent and control the spread of Covid-19 at its facilities since January 2020, and it recently adopted more rigorous, widespread testing and quarantine protocols.

II.

Section 3582(c)(1)(A) permits a sentencing court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued

by the Sentencing Commission."[3]  The USSG defines extraordinary and compelling reasons in relation to the medical condition of the defendant, as follows:

> **(A) Medical Condition of the Defendant**.--
>
> **(i)** The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> **(ii)** The defendant is--
>
> **(I)** suffering from a serious physical or medical condition,
>
> **(II)** suffering from a serious functional or cognitive impairment, or
>
> **(III)** experiencing deteriorating physical or mental health because of the aging process,

---

[3] The Sentencing Commission has adopted such policy provisions. Those policies provide in pertinent part that release may be granted if the court determines that "[e]xtraordinary and compelling reasons warrant the reduction" and "[t]he defendant is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13(1)(A), (2) (U.S. Sentencing Comm'n 2018). These policies have not changed since the First Step Act of 2018 amended § 3582(c)(1)(A) to allow a direct motion by the inmate. But in any event, even the present commentary to § 1B1.13, while listing circumstances that the Director of the BOP is encouraged to consider in determining whether to file a motion for reduction, also emphasizes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction) after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community." *Id.* at cmt. n.4.

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(B) Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

USSG § 1B1.13 cmt. n.1(A), (B).

Bowman undoubtedly suffers from a serious medical condition which places him at greater risk of serious illness or death from Covid-19. But there is no reason to believe that he has a higher risk of contracting Covid-19 at FCI Petersburg, which has no cases of the disease, than he would if he were released. Bowman was a leader in a very large drug conspiracy, in the course of which engaged in dangerous activity and harmed many people. He has served less than half of his already-reduced, below-guidelines sentence. He has approximately eight years of incarceration remaining.

While I sympathize with Bowman's health problems, I find that he has not shown that extraordinary and compelling reasons warrant his release. I have considered the factors set forth in 18 U.S.C. § 3553(a), and I conclude that releasing Bowman would not be consistent with those factors as announced at his sentencing or with the applicable policy statements issued by the Sentencing Commission.

III.

For these reasons, it is **ORDERED** that the defendant's motion, ECF No. 419, is DENIED.

        ENTER: May 22, 2020

        /s/ *JAMES P. JONES*
        United States District Judge