# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:15CR00025-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MICHAEL WAYNE BOWMAN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Krista Consiglio Frith, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Michael Wayne Bowman, seeks release from his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)  This is his second motion. He filed an earlier motion under § 3582(c)(1)(A) in which he sought release on the grounds that his existing health issues, namely diabetes, hypertension, elevated LDL cholesterol, along with his age of 64, increased his risk of severe complications if he became infected with the coronavirus causing Covid-19 disease. At that time, no cases of Covid-19 were reported at Bowman's institution, FCI Petersburg, and he had served less than half of his already-reduced, below-guideline sentence. Moreover, considering the factors set forth in 18 U.S.C. § 3553(a), I noted that Bowman had been the leader of a very large drug conspiracy, involving 4.5 kilograms or more of "ice" methamphetamine. He possessed numerous firearms

during the course of the conspiracy, and the evidence indicated he had traded drugs for guns and sexual favors. Based on these considerations, I denied Bowman's motion. Op. & Order, May 22, 2020, ECF No. 437.

Bowman appealed the denial, which appeal is still pending. On August 26, 2020, he filed a Motion for Reconsideration of Compassionate Release on an Emergency Basis. At the request of Bowman's counsel, an evidentiary hearing was held on September 3, 2020. The parties agreed the motion could be considered separate from the former motion now on appeal, involving different circumstances, and thus this court had jurisdiction to consider it, notwithstanding the pending appeal of the earlier motion. In addition, the government did not raise any affirmative defense of exhaustion of administrative remedies as to the present motion.

Bowman now has Covid-19. He seeks release to the home of his fiancée Jennifer Morgan, whom he dated for many years, including throughout the period of his leadership of the drug conspiracy and of which she was fully aware. Ms. Morgan testified at the hearing, and candidly admitted her knowledge of Bowman's activities, including his trading of drugs for sex. He kept guns and hidden drugs at her home, where he stayed at times, and also at his home. He was finally arrested at her home, before he barricaded both of them in a bedroom, until she convinced him to surrender. Before that happened, she observed him destroy his mobile phone, presumably to prevent the recovery of evidence. A search of his separate home at

the same time revealed numerous firearms and large amounts of ammunition, as well as drugs.

Recent medical records from the Bureau of Prisons were admitted into evidence at the hearing. The most recent, dated September 3, 2020, the day of the hearing, stated that Bowman had been transported to a local hospital the day before, but not admitted, and "had no complains [sic] today, pt was seen walking without assistance through the unit today, with no stopping for SOB [shortness of breath]." ECF No. 463 at 1. At the hospital he had been diagnosed with "Pneumonia Adult Vomiting and Diarrhea nonspecific adult" and prescribed medication "to help control nausea and vomiting" and "advised to increase fluids and to eat regularly." ECF No. 460 at 1.

It appears that Bowman received notice of a positive test of coronavirus on August 25. According to his counsel, he began suffering symptoms on or about August 31, and they worsen until he was taken to the local hospital on September 2 and examined, as noted above, and returned to the institution that same day.

There is no evidence that Bowman is not receiving proper medical treatment. He was taken to a local hospital when his Covid-19 symptoms worsened. It is uncontested that he is in a Covid-19 unit with 20 other positive inmates and I find that it is likely that he receives better medical treatment than if he was living with Ms. Morgan, with the danger of infecting her, local family members, and others in

that community.  Particularly in light of the § 3553(a) factors, considered in my earlier opinion and discussed above, I do not find that extraordinary and compelling circumstances justify the defendant's release.

For these reasons, it is **ORDERED** that the defendant's motion, ECF No. 444, is DENIED.

ENTER: September 14, 2020

/s/ *JAMES P. JONES*
United States District Judge